UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FALKENSTEIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SHIPCO TRANSPORT, INC.,<br><br>    Defendant. | Case No. 13-cv-03605-WHO<br><br>**ORDER ON MOTION TO CHANGE VENUE**<br><br>Re: Dkt. No. 11 |

Before the Court is the Motion to Change Venue of defendant Shipco Transport, Inc. For the reasons set forth below, the Court GRANTS the motion and hereby TRANSFERS this action to the Central District of California.

**BACKGROUND**

Plaintiff John Falkenstein's ("Falkenstein") First Amended Complaint ("FAC") alleges that Shipco Transport, Inc. ("Shipco") is liable for a default judgment that he obtained against Shipco Transport SDN BHD ("Shipco Malaysia") for injuries sustained while working as a longshoreman at the Port of Los Angeles. FAC ¶¶ 4-8. Falkenstein's FAC asserts that Shipco is liable for the debts of Shipco Malaysia because they are "one and the same entity" and states causes of action alleging fraudulent conveyance, alter ego, and resulting trust. FAC ¶ 8.

Falkenstein is a resident of Los Angeles County. FAC ¶ 1. Shipco is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey and offices throughout the United States, including branch offices in Los Angeles and the City of South San Francisco. FAC ¶ 2. Shipco Malaysia is a corporation organized under the laws of Malaysia with its principal place of business in Malaysia. FAC ¶ 3.

Falkenstein filed the underlying personal injury action in the Superior Court of California, County of Los Angeles. Dkt. No. 11, Declaration of Robert G. Campbell ("Campbell Decl.") ¶ 3.

Shipco Malaysia failed to appear, and on December 17, 2009, the court entered a default judgment against it for $3,238,390.02. *See* FAC, Ex. B. After obtaining the default judgment, Falkenstein began collection proceedings and took post-judgment discovery aimed at several entities in Southern California, including Shipco's branch office in Los Angeles County. Dkt. No. 11 at 1.

Falkenstein deposed two employees of the Shipco Los Angeles branch office, Aidee Gamino and Gary Osterbach, who testified that Shipco and Shipco Malaysia are "related entities" and that the Shipco Los Angeles office handles "operational issues" with Shipco Malaysia "on a daily basis." Compl. ¶¶ 10, 15. They also stated that bookkeeping, accounting, and financial transactions between Shipco and Shipco Malaysia are handled through Shipco's corporate headquarters in New Jersey. Cook Decl., Ex. E at 28:7-17; 29:9-24; 59:5-18; 65:17 - 66:6.

Falkenstein originally filed this case in the Superior Court of California, San Francisco County, and Shipco removed the case to this Court. Dkt No. 1. Shipco asserts that venue in the Northern District is inconvenient because the underlying injury, tort action, and post-judgment discovery occurred in the Central District of California. Dkt. No. 11. Shipco also alleges that as of the date of its Motion to Change Venue, Shipco Malaysia is appealing the underlying default judgment and Falkenstein continues to conduct collection proceedings in Los Angeles. Dkt No. 11 at 1-2. Falkenstein counters that the case should not be transferred to the Central District because relevant evidence and potential witnesses are located in New Jersey. Dkt. No. 12 at 7-8. In its reply brief, Shipco proposes transferring the case to New Jersey as an alternative to a transfer to the Central District of California. Dkt. No. 15 at 1-2. Falkenstein did not seek leave to file a sur-reply. At the hearing on October 23, 2013, Falkenstein stated that if the case is transferred, he has a strong preference for the Central District of California because it is more convenient for him and witnesses are located in Southern California.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and

expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). The moving party bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *Florens Container v. Cho Yang Shipping,* 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

Courts evaluate the following factors to determine which venue is more convenient: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Williams*, 157 F. Supp. 2d at 1106. The Court has broad discretion to address these factors based on the particular facts of each case. *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1098 (N.D. Cal. 2006).

**DISCUSSION**

**I.      VENUE IS PROPER IN EACH OF THE PROPOSED FORUMS**

With respect to the first and second prongs of the analysis, venue is proper this district, the Central District, or in the District of New Jersey because Shipco is subject to personal jurisdiction in each district. Under the governing venue statute, a civil action may be brought in "a judicial district in which any defendant resides," where "a substantial part of the events or omissions giving rise to the claim occurred," or "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). A defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(d).

1   Shipco has offices in Los Angeles, South San Francisco, and Hoboken, New Jersey.
2   Shipco does not dispute that it is subject to personal jurisdiction in the Northern District of
3   California, the Central District of California, or the District of New Jersey. There is no dispute
4   that Falkenstein resides in Los Angeles, which is located in the Central District. Therefore, the
5   Court finds that the action could have been brought in any of these three districts.

## II.   ANALYSIS OF RELEVANT FACTORS

Once venue is deemed to be proper, the Court evaluates which venue is more convenient under the relevant factors. *Williams*, 157 F. Supp. 2d at 1106. Shipco asserts that the more convenient forum is either the Central District of California or the District of New Jersey because the underlying tort action and post-judgment discovery occurred in the Central District, and because witnesses and evidence are located in both forums. Falkenstein argues that the Northern District is more convenient because it is his preferred forum.

### A.   Plaintiff's Choice of Forum

Falkenstein argues that his choice of forum should be given substantial weight. Dkt. No. 12 at 8. There is ordinarily a strong presumption in favor of plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265-66 (1981). However, "the degree to which courts defer to the plaintiff's choice of forum is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Williams*, 157 F. Supp. 2d at 1106.

Here, Falkenstein is a resident of Los Angeles, California, which is located in the Central District. At the hearing, Falkenstein's counsel admitted that this case was filed in the Northern District primarily because the Court is within walking distance to his office. "The location of plaintiff's counsel is not an appropriate factor for the Court to consider when deciding a motion to transfer." *Reflex Packaging, Inc. v. Audio Video Color Corp.*, No. 13-03307, 2013 WL 5568345 at *5 (N.D. Cal. Oct. 9, 2013). *See also Panetta v. SAP Am., Inc.*, No. 05–01696, 2005 WL 1774327 at *5 (N.D. Cal. July 26, 2005) ("the location of plaintiff's counsel is immaterial to a determination of the convenience and justice of a particular forum"). Falkenstein has not provided any other reasons why the Northern District is more convenient to him. Therefore, his choice of

forum is entitled to less weight.

Additionally, none of the operative facts occurred in the Northern District of California. Though Shipco has an office in South San Francisco, Falkenstein does not allege that the office has any connection to this case. The underlying personal injury, tort action, and post-judgment discovery occurred in the Central District, and the potential witnesses and evidence are located in the Central District of California and the District of New Jersey. Therefore, this forum lacks a significant connection to the activities alleged in the complaint. Consequently, this factor does not weigh in favor of denying transfer.

### B. Convenience of the Parties

"Courts will consider the relative convenience to all the parties involved in the lawsuit of the competing fora when deciding a motion to transfer." *Flexible Funding, LLC v. Iron Mountain Info. Mgmt.*, No. 05-02082, 2005 WL 2431241 at *3 (N.D. Cal. Sept. 30, 2005). Falkenstein asserted at oral argument that because he lives in Los Angeles, the Northern District and the Central District are convenient forums, but the District of New Jersey is extremely inconvenient because of its distance. Shipco argues that the Central District is a proper forum because Los Angeles is the location of the underlying tort action, post-judgment discovery, and relevant records and party witnesses. Shipco further asserts that litigating this case in the Central District would be much more convenient because Falkenstein continues to pursue enforcement of the default judgment in Los Angeles County. Because both parties are located in Los Angeles County and are currently engaged in litigation in Los Angeles County, this factor weighs in favor of transfer to the Central District.

### C. Convenience of the Witnesses and Access to Evidence

Under these factors, "the Court must determine how transferring the case could affect the parties' ability to litigate the matter fairly and conveniently, which includes evaluating how transfer could affect both sides' ability to bring forth evidence and witnesses." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, No. 12-4407, 2013 WL 120185 at *4 (N.D. Cal. Jan. 8, 2013). "The convenience of witnesses is often the most important factor in determining a motion to transfer. The trial court looks to who the witnesses are, where they are located, and the relevance of their

testimony." *Flexible Funding, LLC*, 2005 WL 2431241 at *3 (citation omitted).

Shipco identifies two employees located in the Central District who have relevant information, Aidee Gamino and Gary Osterbach. Dkt. No 11 at 5. Shipco asserts that Falkenstein has identified them as important witnesses in his collection proceedings, and their significance to this case is underscored by the fact that he quotes their testimony at length in support of the allegations in his complaint. Falkenstein's opposition brief asserts that many Shipco employees with relevant knowledge are located in New Jersey, but at oral argument he asserted that there are significant party and third party witnesses in Los Angeles.

As for the documentary evidence, Falkenstein asserts that relevant evidence is located at Shipco's headquarters in New Jersey. Dkt. No. 12 at 6-7. Shipco appears to agree that relevant evidence is located in New Jersey, but also argues that there are relevant records and documents in the Central District, stating, "[v]irtually all of the evidence gathered by Falkenstein and his counsel has been gathered through aggressive discovery" in the Los Angeles Superior Court. Dkt. No. 15 at 10. Shipco asserts that Falkenstein is currently using these documents to support similar allegations of fraudulent transfer, alter ego, and resulting trust in proceedings in Los Angeles County Superior Court.

On balance, the facts weigh in favor of transfer to the Central District of California. Neither party identifies any potential party witnesses, third-party witnesses, or documents in the Northern District. Third-party witnesses, who will be the most inconvenienced by travel outside of their district of residence, are allegedly located in Los Angeles. Party witnesses whose testimony Falkenstein relies upon to make his allegations in the FAC are also located in Los Angeles. There are potential party witnesses in New Jersey, but because they are current employees of Shipco, "there are no concerns that Defendant will not be able to secure their testimony if it deems it necessary." *Kaur v. U.S. Airways, Inc.*, No. 12-5963, 2013 WL 1891391 at *5 (N.D. Cal. May 6, 2013). Therefore, this factor weighs in favor of transfer to the Central District of California.

### D. Other Factors

Other factors the Court considers when deciding a motion to transfer include the

1  familiarity of each forum with the applicable law, any local interest in the controversy, feasibility
2  of consolidation with other claims, and the relative court congestion in each forum.

3        The familiarity of each forum with the applicable law is neutral because the Northern
4  District of California, the Central District of California, and the District of New Jersey would all
5  be equally familiar with the applicable law in this matter.  Falkenstein's FAC alleges two
6  California state law causes of action for fraudulent conveyance.  These claims could be effectively
7  litigated in this District or the Central District of California.  A California court may be in a better
8  position to decide the claims than a New Jersey court, *In re Ferrero Litig.*, 768 F. Supp. 2d 1074,
9  1081 (S.D. Cal. 2011), but federal courts routinely apply the laws of other states, and "other
10 federal courts are fully capable of applying California law." *Holliday v. Lifestyle Lift, Inc.*, No.
11 09-4995, 2010 WL 3910143 at *8 (N.D. Cal. Oct. 5, 2010).  Additionally, the California laws at
12 issue in this case are "not especially complex or specialized" and it seems likely that "[t]he
13 resolution of this action will depend less on expertise in California law and more on the court's
14 fact-finding function." *Barnstormers, Inc. v. Wing Walkers, LLC*, No. 09-2367, 2010 WL
15 2754249, at *3 (S.D. Cal. July 9, 2010). Therefore, this factor is neutral.

16       As to local interests, both California and New Jersey have an interest in the controversy.
17 New Jersey has an interest insofar as Shipco's corporate headquarters is located within that state.
18 On the other hand, California has a strong public interest in deciding controversies involving its
19 citizens, and its interest is especially strong in having its citizens compensated for torts committed
20 against them.  *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 771 (9th Cir.
21 1991).  California also has a strong public policy interest in providing a forum for its residents to
22 litigate to enforce judgments obtained in this state.  *Kremen v. Cohen*, No. 11-05411, 2012 WL
23 44999 at *11 (N.D. Cal. Jan. 7, 2012); *Gutierrez v. Givens*, 1 F. Supp. 2d 1077, 1084 (S.D. Cal.
24 1998) (declining to transfer upon making similar findings).  Because Falkenstein is a resident of
25 California and the default judgment was entered by the Los Angeles Superior Court as a
26 consequence of injuries suffered in Los Angeles County, California's interest in protecting its
27 citizens prevails.  Therefore, this factor favors either this District or the Central District.
28       The parties present no evidence of other claims to consolidate or that congestion in the

suggested transfer courts would bear on the convenience of litigating the case. These factors, therefore, do not weigh for or against transfer.

In sum, most of the factors weigh in favor of transfer to the Central District or are neutral. While Falkenstein favors the Northern District, he has not shown that this forum has any connection to the lawsuit. After careful consideration, this Court finds that transfer to the Central District of California is appropriate and would serve the convenience of the parties and witnesses, and promote the interests of justice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the defendant's motion to change venue and hereby TRANSFERS this action to the Central District of California.

**IT IS SO ORDERED**.

Dated: October 24, 2013



_____
WILLIAM H. ORRICK
United States District Judge

8